```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CAROLYN MARTINEZ,                                              :
                                                               :
                                                               :
                        Plaintiff,                             :    20 cv 8201 (NSR) (PED)
        -against-                                              :
                                                               :    ORDER ADOPTING REPORT
KILOLO KIJAKAZI, ACTING COMMISSIONER                           :    AND RECOMMENDATION
OF SOCIAL SECURITY ADMINISTRATION,                             :
                                                               :
                        Defendant.                             :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2022

NELSON S. ROMÁN, United States District Judge

Carolyn Martinez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "SSA"). (ECF No. 1.) This case was referred to Magistrate Judge Paul E. Davison ("MJ Davison"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R&R") to resolve Defendant's motion for judgement on the pleadings. (ECF No. 15.)

Presently before this Court is MJ Davison's April 8, 2022 R&R recommending that Defendant's motion be GRANTED and the case be remanded pursuant to 42 U.S.C. § 405(g), for further administrative proceedings. (ECF No. 18.) To date, Plaintiff has failed to file an objection to the R&R. For the following reasons, the Court adopts the R&R in its entirety, grants Defendant's motion for judgment on the pleadings, and remands the matter for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff filed her initial claim seeking DIB on or about on August 15, 2016, alleging, *inter alia*, degenerative disc disease, asthma, depression, several mental health disorders. On or about October 26, 2016, Plaintiff's claim was administratively denied and shortly thereafter, she

requested a hearing before an Administrative Law Judge ("ALJ"). On October 24, 2018, Plaintiff, proceeding *pro se*, appeared before ALJ Andrea Addison for a hearing. On that date, the ALJ adjourned the hearing to January 14, 2019.  On January 14, 2019, Plaintiff appeared, again *pro se,* and testified. By written decision issued on March 20, 2019, Plaintiff's claim was denied on the basis that she was not disabled within the meaning of the SSA. The ALJ's determination became final on September 8, 2020, when the Appeals Council denied Plaintiffs request for review. Plaintiff timely commenced this action on September 30, 2020.

## LEGAL STANDARDS

### *Standard of Review*

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2), (3*).*  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); accord *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further

judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo.* 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

### *Disability Benefits*

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). To be deemed disabled with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by

presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the ALJ is required to undertake a five-step analysis set out in the regulations governing the administration of Social Security benefits. *See* 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment meets or equals one on the List of Impairments. *Id*. If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC') and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (see paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must determine whether he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.; see Brault v. Social Sec. Admin, 683 F. 3d* 443, 445 (2d Cir. 2012).

## DISCUSSION

Upon a careful review of MJ Davison's comprehensive and well-reasoned R&R, the Court finds no clear error. Defendant concedes that the ALJ failed to properly develop the record, requiring that the matter be remanded back to the agency for further proceedings, including to address gaps in Plaintiff's treatment. As more fully discussed in the R&R, courts in this district have held that an ALJ has an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or by a paralegal. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir.1999) (internal citations omitted).  In the case of a *pro se* Plaintiff, an "ALJ must adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered and by scrupulously and conscientiously probing into, inquiring of, and exploring for all the relevant facts." *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (internal citations and quotations omitted).  Accordingly, Defendant's motion is granted.

## CONCLUSION

Based on the foregoing, the Court adopts the R&R in its entirety. Accordingly, Defendant's motion for judgment seeking to have the matter remanded for further proceedings is GRANTED. The Clerk of the Court is respectfully directed to enter judgment in favor of the Defendant, to terminate the motion at ECF No. 15, and to close this case.  The Clerk of the Court is also kindly directed to mail a copy of this order to *pro se* Plaintiff, and to show mailing on the docket.

Dated: September 30, 2022  SO ORDERED:
      White Plains, New York

                                                NELSON S. ROMÁN
                                   United States District Judge Plaintiff's